HEMAN ALDRICH *v.* JOSHUA JEWELL.

An undertaking, that if A. would work for B.,the defendant would pay him if B. did not, is within the statute of frauds, and must be in writing.

THIS was an action of book account.   There had been judgment to account, in the county court, and a reference of the case to an auditor, who reported, that the plaintiff's claim was for services performed for one Wm. S. Douglas, under the following circumstances, viz : The plaintiff had applied to the defendant for employment in the business of turning wood work ; the defendant observed to the plaintiff, that he thought said Douglas wanted a hand at that business ; where- upon the plaintiff requested the defendant to see Douglas up- on the subject. Soon afterwards,the defendant saw Douglas and received direction from him to employ the plaintiff at $16 per- month, which defendant immediately communicated to plain- tiff; that plaintiff then said he did not know Douglas,but that he would go to work for him on condition that defendant would pay him if Douglas did not; to which the defendant replied,that he would pay, if Douglas did not. The plaintiff then went to work in Douglas' shop, and charged his services, in his book, to the defendant. The defendant insisted, before the auditor, that his promise was within the statute of frauds, for the

CHITTENDEN.
January,
1840.

Aldrich
v.
Jewell.

want of a note or memorandum in writing, and the auditor, upon that ground, reported that there was nothing due, on book, to either party.

The county court accepted the report of the auditor, and rendered judgment for the defendant to recover his costs; to which the plaintiff excepted.

W. P. Briggs, for the plaintiff, insisted that the auditor had erred in reporting—not the facts,—but the evidence, and that the report should have been set aside by the county court.

*Maeck & Smalley*, for defendant, contended that the auditor had sufficiently found the material facts in the case, and that the plaintiff's claim was within the statute of frauds, and cited, *Buckmyr* v. *Darnall*, 1 Salk. 27. *Read* v. *Nash*, 1 Wils. 305. *Fish* v. *Hutchinson*, 2 Wils. 94. *Matson* v. *Wharam*, 2 T. R. 80. *Jones* v. *Cooper*, Cowp. 227. *Anderson* v. *Hayman*, 1 H. Bl. 561. 26 C. L. R. 15. 3 do. 245. 18 do. 186. Chitt. on Con. 202 *et seq.* 7 Har. & Johns. R. 391. *Rogers* v. *Kneeland*, 13 Wend. R. 114. *Anderson* v. *Davis*, 9 Vt. R. 136.

The opinion of the court was delivered by

BENNETT, J.—It is said, in argument, that this report should have been set aside by the court below, on the ground that the auditor has not reported the facts found by him, but simply the evidence adduced on trial. We think this objection is not warranted by the report itself.

The auditor finds, " that the plaintiff observed to the defendant, that he did not know Douglas, but that he would work for him, *if the defendant would pay him if Douglas did not*; to which the defendant answered, that he would pay the plaintiff if Douglas did not." This is not reporting the evidence but the precise language in which the undertaking of the defendant was couched, and though this was not necessary, still it is not legally objectionable.

There can be no question but what the undertaking of this defendant is within the statute of frauds. It is clearly settled that the statute applies to *collateral* engagements, that is, to cases where there exists a debt, or legal liability on the part of a third person.

If the undertaker comes in aid, only, to procure a credit to be given to a third person, in such case there is

a remedy against both, and both are liable according to their distinct engagements, and the undertaking of the one is but *collateral* to that of the other.

In the case under consideration, the undertaking of the defendant is in express terms in aid of the credit of Douglass, and is, therefore, *collateral* to his, and within the statute. The judgment of the county court is affirmed.